UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JESUS MOLINA | § | |
| | § | |
| VS. | § | C.A. NO. 5:18-cv-1273 |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| CLAUDIA NAVA, STEVE ESTRADA, | § | |
| JOHN DOE #1 AND JANE DOE #1 | § | JURY DEMANDED |

## NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441

TO THE CLERK OF THE ABOVE ENTITLED COURT:

Please take notice that Defendant, Wal-Mart Stores Texas, LLC, hereby removes to the Court the state action described below.

1. On October 18, 2018, a civil action was commenced, in the 224th Judicial District Court of Bexar County, Texas, entitled *Jesus Molina v. Wal-Mart Stores Texas, LLC,* Cause No. 2018CI20089. A copy of Plaintiff's Original Petition is attached hereto as **Exhibit A.**

2. Service of summons and complaint was made on Defendant, Wal-Mart Stores Texas, LLC by certified mail on November 6, 2018. Defendant, Wal-Mart Stores Texas, LLC first received a copy of said Petition on November 20, 2018. A copy of the Citation is attached hereto as **Exhibit B.**

3. Defendant, Wal-Mart Stores Texas, LLC has filed an Original Answer, which is attached as **Exhibit C,** a Demand for Jury Trial, which is attached as **Exhibit D** and a Notice of Filing of Removal to Federal Court, attached as **Exhibit E.** Defendant, Wal-Mart Stores Texas, LLC has attached all process, pleadings, and orders in the State Court action as required by 28 U.S.C. 1446(a).

## JURISDICTION AND VENUE

4. The action is a civil action of which this Court has original jurisdiction under Title 28 U.S.C. § 1332 (Diversity Jurisdiction), and is one which may be removed to this Court pursuant to Title 28 U.S.C. § 1441. There is complete diversity of citizenship amongst the parties. Defendant, Wal-Mart Stores Texas, LLC is a limited liability company formed under the laws of Delaware, with its principal place of business in Arkansas. The sole member of Wal-Mart Stores Texas, LLC is Wal-Mart Real Estate Business Trust. Wal-Mart Real Estate Business Trust is a Delaware statutory trust with its principal place of business in Arkansas. The sole unit holder of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co. which is a wholly owned subsidiary of Wal-Mart Stores East, LP. Wal-Mart Property Co. is a corporation formed under the laws of the State of Delaware with its principal place of business in the State of Arkansas. Wal-Mart Stores East, LP is a Delaware limited partnership, of which WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner. WSE Management, LLC is a Delaware limited liability company, and has its principal place in Bentonville, Arkansas. WSE Investment, LLC is a Delaware limited liability company, and has its principal place in Bentonville, Arkansas. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. (f/k/a Wal-Mart Stores East, Inc.), whose parent company is Walmart Inc. (f/k/a Wal-Mart Stores, Inc.). Wal-Mart Stores East, LLC is a limited liability company formed under the laws of the State of Arkansas, and has its principal place of business in the State of Arkansas. The sole member of Wal-Mart Stores East, LLC is Walmart Inc. (f/k/a Wal-Mart Stores, Inc.). Plaintiff is a Texas citizen, with his residence in Bexar County, Texas.

5. Claudia Nava, a manager at the Wal-Mart store where the alleged incident occurred, is a Texas citizen.

6. Steve Estrada, a former manager at the Wal-Mart store where the alleged incident occurred, is a Texas citizen.

7. At the time suit was filed, and at the time of this removal action, Claudia Nava was an employee of Wal-Mart working as a manager at Wal-Mart store #4131, located at 9427 Culebra Rd., San Antonio, Texas 78251. Additionally, at the time suit was filed, and at the time of removal, Steve Estrada was a former employee of Wal-Mart, having worked as a manager at Wal-Mart store 4131, located at 9427 Culebra Rd., San Antonio, Texas 78251.

8. The citizenship of Wal-Mart's employee Claudia Nava and former employee Steve Estrada should be disregarded for diversity purposes because they have been improperly joined in this suit. Plaintiff alleges that Defendants breached their duty of care by allowing an unreasonably dangerous condition to exist

9. However, there is no possibility that the Plaintiff can establish a cause of action Wal-Mart's employee Claudia Nava and former employee Steve Estrada, and as such, his in-state citizenship should be ignored when determining diversity jurisdiction. See *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990); *B. Inc. v. Miller Brewing Co.*, 663 F. 2d 545, 549 (1981).

10. Further, there have been no allegations, and the facts do not support, that Wal-Mart's employees Claudia Nava and former employee Steve Estrada the Plaintiff owned any independent duty of reasonable care apart from that duty owed by their employer, Wal-Mart, and as such, there is no reasonable possibility of recovery against them as employees. See *Chon Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005); *Leitch v. Hornsby*, 935 S.W. 2d 114, 117 (Tex. 1996); *Gipson v. Wal-Mart Stores Texas, LLC*, 2008 WL 4844206 (S.D. Tex.) (holding that employee did not owe a customer a duty of reasonable care independent from the duty owed by the employer); *Allen v. Home Depot U.S.A., Inc.*, SA-04-0CA703XR, 2004 WL 22700001 (W.D. Tex. Oct 6, 2004) (holding that there was no possibility of recovery against manager for negligent supervision claim). Various federal district courts have also held that joinder of a retailer's manager was

improper because the manager did not owe an independent duty of care to customer.

11.  Finally, Claudia Nava and Steve Estrada have not yet been served; however, even if they were to be served their joinder in this suit is simply for the purpose of defeating diversity jurisdiction and there is no basis in Texas law for their joinder.

12.  As to Jane Doe and John Doe, pursuant to 28 U.S.C. § 1441 (b)(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

13.  The amount in controversy exceeds the sum of Seventy-five Thousand Dollars ($75,000.00), exclusive of interest and costs.  *See page 2 of Plaintiff's Original Petition.*

14.  Venue is proper in the Western District of Texas, San Antonio Division because this District and Division embrace the place in which the action is pending.

Dated:  December 6, 2018

Respectfully submitted,

Daw & Ray
A Limited Liability Partnership

/s/  *Willie Ben Daw, III*
Willie Ben Daw, III; TBN: 05594050
Email: wbdaw@dawray.com
James K. Floyd; TBN:  24047626
Email: jfloyd@dawray.com
14100 San Pedro Ave., Suite 302
San Antonio, Texas 78232
(210) 224-3121 Telephone
(210) 224-3188 Facsimile

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the above and foregoing instrument has been served upon all known counsel of record by electronic service on this 6th day of December, 2018.

Mark Poling
Joseph Ecke
Brian Cromeens
ECKE, POLING & CROMEENS, PLLC
1718 San Pedro Ave.
San Antonio, Texas   78212

Email:  Mark@EckePolingLaw.com
Email:  Joe@EckePolingLaw.com
Email:  Brian@EckePolingLaw.com

/s/ *Willie Ben Daw, III*
Willie Ben Daw, III

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JESUS MOLINA | § | |
| | § | |
| VS. | § | C.A. NO. _____ |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| CLAUDIA NAVA, STEVE ESTRADA, | § | |
| JOHN DOE #1 AND JANE DOE #1 | § | JURY DEMANDED |

## INDEX OF DOCUMENTS FILED WITH REMOVAL ACTION

(A)  Plaintiff's Original Petition

(B)  Citation

(C)  Defendant Wal-Mart Stores Texas, LLC's Original Answer

(D)  Defendant's Demand for Jury Trial

(E)  Notice of Filing of Removal to Federal Court

(F)  List of Counsel of Record