# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JESUS MOLINA, | § | |
| *Plaintiff*, | § § § | |
| v. | § § | Civil Action No. SA-18-CA-1273-XR |
| WAL-MART STORES, TEXAS, LLC, CLAUDIA NAVA, STEVE ESTRADA, JOHN DOE #1 and JANE DOE #1, | § § § § § | |
| *Defendants*. | § | |

## ORDER ON MOTION TO REMAND

On this date, the Court considered the status of the above-captioned case. After reviewing the parties' briefing and the applicable law, the Court DENIES Plaintiff's Motion to Abstain and to Remand (docket no. 2).

## BACKGROUND

Plaintiff Jesus Molina filed his Original Petition in the 224th Judicial District Court of Bexar County, Texas on October 18, 2018. Docket no. 1-3. Plaintiff's claims relate to injuries allegedly sustained when a Wal-Mart employee struck Plaintiff with a train of grocery carts. *Id.*

Plaintiff, a resident of Texas, names as Defendants Wal-Mart Stores, Texas, LLC ("Wal-Mart"), Claudia Nava, Steve Estrada, John Doe #1, and Jane Doe #1. For diversity purposes, Wal-Mart is a citizen of Arkansas and Delaware. Docket no. 1 at 2. Nava and Estrada, both Texas residents, were Wal-Mart managers at the store in question when Plaintiff was injured. *Id.* at 3. John Doe #1 and Jane Doe #1 are the unnamed Wal-Mart employee or employees who allegedly pushed the carts that struck Plaintiff. Docket no. 1-3. The petition does not specify whether one or

two Wal-Mart employees pushed the carts. Plaintiff asserts various negligence theories related to premises liability, general negligence, and vicarious liability for the negligent acts of employees.

On December 6, 2018, Wal-Mart removed the case to this Court, alleging diversity of citizenship between the proper parties. Docket no. 1. Given that Plaintiff, Nava, and Estrada are citizens of Texas, Wal-Mart argues that Nava's and Estrada's citizenship should not be considered because they are improperly joined. *Id.* On January 8, 2019, Plaintiff filed its Motion to Remand, docket no. 2, and Wal-Mart responded, docket no. 3.

**ANALYSIS**

**I.    Legal Standard**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). On a motion to remand, the court must consider whether removal was proper. In order for removal to be proper, a district court must have original jurisdiction over the removed action. *See id.*

Federal district courts have original jurisdiction over civil actions if the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). There is no dispute regarding the amount in controversy, which is alleged to be in excess of $75,000, and there are no disputes regarding the states of citizenship of any of the parties.

A defendant may remove a case with a non-diverse defendant to a federal forum if the non-diverse defendant is improperly joined. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). There are two ways to establish improper joinder: "(1) the plaintiff *has* stated a claim

against a diverse defendant that he fraudulently alleges is non[-]diverse, or (2) the plaintiff *has not stated a claim* against a defendant that he properly alleges is non[-]diverse." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016) (citing *Smallwood*, 385 F.3d at 573) (emphasis in original). Here, Nava and Estrada are non-diverse, so the second type of improper joinder is at issue, and the Court must determine whether Plaintiff states a cause of action against Nava or Estrada. *See id.*

The heavy burden of demonstrating improper joinder is placed on the party seeking removal. *See McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). To meet this burden, the removing party must show that there is no reasonable basis to predict that the plaintiff might be able to recover against a non-diverse defendant. *See Int'l Energy*, 818 F.3d at 199; *see also Smallwood*, 385 F.3d at 573 ("[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant.").

In determining whether joinder was proper, the focus is on the joinder, not on the merits of the case. *Smallwood*, 385 F.3d at 573. The Fifth Circuit requires that courts use a Rule 12(b)(6)-type analysis when determining whether a plaintiff may reasonably recover. *Int'l Energy*, 818 F.3d at 202; *see Smallwood*, 385 F.3d at 573 ("If a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."). Further, the court must resolve "all . . . factual allegations," "all contested issues of substantive fact," and "all ambiguities in the controlling state law" in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)) (internal quotation marks omitted). In other words, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). Applying these principles, the question

for the court becomes whether there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Miller*, 663 F.2d at 550.

## II. Application

As a preliminary matter, the Court notes that the citizenship of John Doe #1 and Jane Doe #1 do not bear on the question now before the Court. The Court's removal analysis disregards the citizenship of defendants sued under fictitious names. *See* 28 U.S.C. § 1441(b)(1). The only parties relevant to the Court's decision here are Nava and Estrada. No party disputes that Nava and Estrada, as Texas residents, destroy diversity of citizenship if they remain in this case. The Court, then, must decide whether there is any reasonable basis to predict Nava or Estrada might be liable here. If so, the Court must remand the case to state court.

The portions of the petition setting out the bases for Nava's and Estrada's liability are identical, so the Court will quote from the portions that relate to Nava. Because the Court can discern no distinction between the claims against Nava and Estrada or the facts supporting those claims, the same analysis will apply to both managers. Plaintiff alleges Nava "had such control over the premises in question that [she] owed certain duties to Plaintiff." Docket no. 1-3 at 7. Plaintiff alleges Nava was "conducting or permitting the regular activity of returning grocery carts to a location within the store for invites [sic] to use while shopping" and, during this activity, "allowed her employee to act negligently by not keeping a proper lookout for customers." *Id.* This "failure to keep a proper lookout for customers on the part of the Defendant meant the grocery cart train could not be controlled properly to avoid striking invitees at the location[.]" *Id.* Plaintiff alleges Nava "failed to discover and remove the dangerous condition limiting the view of any employee pushing a long train of grocery carts within a reasonable time" and/or "failed to provide

4

necessary and proper procedures for employees collecting and pushing long trains of grocery carts." *Id.* at 8.

In sum, Plaintiff alleges Nava owed Plaintiff "the duty to conduct their regular business activity in a reasonable and safe manner." *Id.* Nava allegedly breached this duty by "not outlining proper procedures for employees collecting and returning carts," by "not requiring two employees to collect and return grocery carts," and by not "requiring the construction of a grocery cart storage area which allowed for a better view for the employees to see invitees[.]" *Id.*

Wal-Mart argues that Nava and Estrada are improperly joined because "to be individually liable they must have owed [Plaintiff] an independent duty apart from any duty that Wal-Mart owed [Plaintiff]." Docket no. 3 at 4. Wal-Mart argues that Plaintiff does not point to any independent duty the managers owed, and that even if the managers owed such a duty Plaintiff does not allege enough facts to state a viable claim. *Id.* at 5. Because any cause of action can stand only against Wal-Mart, if at all, Wal-Mart argues Nava and Estrada are improperly joined.

Under Texas law, "a corporate officer or agent can be liable to others . . . for his or her own negligence." *Leitch v. Hornsby*, 935 S.W.2e 114, 117 (Tex. 1996). However, "individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Id.* Because *Leitch* involved an injured employee suing his employer and three corporate officers in their individual capacities, "the Fifth Circuit was reluctant to extend *Leitch* to the invitor-invitee situation, reasoning that '*Leitch* was not a premises case and we cannot say with full confidence that it will be applied outside of the employer-employee context.'" *Aguilar v. Wal-Mart Stores, Texas, LLC*, 2015 WL 11023492, at *6 (E.D. Tex. Jan. 6, 2015) (quoting *Valdes v. Wal-Mart Stores, Inc.*, 1998 WL 648571, at *5 n.6 (5th Cir. Sept. 4, 1998)). The Texas Supreme Court resolved this concern by extending the *Leitch* rule—that

5

corporate officers may be held individually liable only when they owe an independent duty apart them their employer's duty—to the invitor-invitee context. *See Tri v. J.T.T. & M.T.*, 162 S.W.3d 552, 562 (Tex. 2005).

"[N]umerous federal district courts have applied *Leitch* and *Tri* to find improper joinder when a store manager is joined with a corporate defendant in a premises liability case," while "numerous other federal courts have remanded cases where both a corporation and its manager or agent were sued." *Lyle v. 24 Hour Fitness, USA, Inc.*, No. A-14-CA-300 LY, 2014 WL 5094126, at *3 (W.D. Tex. Oct. 10, 2014) (collecting cases). The *Lyle* court, assessing the cases, noted that while "it might appear from these cases that there is indeed a split among the federal district courts" on this question, the "single principle" explains the results:

> In all of the cases in which remand was granted, the courts pointed to the fact that the pleadings alleged the store manager or agent played a personal role in creating the dangerous condition at issue, whereas in those in which remand was denied none of the managers were alleged to have had any personal role in creating the danger.

*Id.*

This Court has previously noted the same pattern. In *Land v. Wal-Mart Stores of Texas, LLC*, Defendant Wal-Mart cited several cases that applied *Leitch* and *Tri* to find improper joinder of a store manager. No. SA-14-CV-009-XR, 2014 WL 585408, at *2 (W.D. Tex. Feb. 13, 2014). This Court observed that, in all these cited cases, the improperly joined manager was not "alleged to have played any personal role in creating the dangerous condition." *Id.* In *Land*, this Court stated that "if [the named employee] were the store manager, *Leitch* and *Tri* would control and render him improperly joined." *Id.* Instead, however, the employee at issue was "alleged to be the person who personally created the dangerous condition that caused Plaintiff's injury." *Id.* Specifically, the

6

employee in *Land* allegedly operated a commercial color cleaning machine negligently, creating a wet floor that caused the plaintiff's injuries. *Id.* at *1.

This Court compared the allegations against the employee in *Land* to those against the employee in *Guzman v. Cordero*, 481 F. Supp. 2d 787 (W.D. Tex. 2007). The *Guzman* court found that the individual employee, who personally inspected the plaintiff's defective tires, was properly joined because he was "directly and personally involved in conduct that caused Plaintiff's injuries." *Id.* at 790. In *Land*, then, this Court found the employee properly joined because, while Texas law could not impose premises liability against him as an owner or occupier, it could impose liability against him because he created the dangerous condition. *Land*, 2014 WL 585408, at *4 (quoting *City of Denton v. Van Page*, 701 S.W.2d 831 (Tex. 1986) for the proposition that "a private person who has created the dangerous condition may be liable even though not in control of the premises at the time of injury").

Here, by contrast, Plaintiff does not allege that Nava or Estrada created the dangerous condition. Plaintiff's ambiguous pleading makes this a somewhat close question by, for example, alleging both that Nava was "*conducting* or permitting the regular activity of returning grocery carts" and that "Defendant's employee *controlling* the grocery cart" struck Plaintiff. Docket no. 1-1 at 7 (emphasis added). "Defendant," here, can only be read to refer to Nava, as it is in the section that pertains to Nava. The first phrase quoted above gives the Court pause, as it appears to suggest Nava (and, in the identical section on page nine, Estrada) *conducted* this activity—that is, pushed the grocery carts that allegedly injured Plaintiff. The rest of the petition precludes this possibility, however. The allegedly negligence "acts and omissions" of Estrada and Nava are that they "failed to discover and remove the dangerous condition limiting the view of any employee pushing a long train of grocery carts" and that they "failed to provide necessary and proper procedures for

7

employees electing and pushing long trains of grocery carts." *Id.* at 8. They allegedly breached a duty owed Plaintiff by "not outlining proper procedures," "not requiring two employees to collect and return grocery carts," and not "requiring the construction of a grocery cart storage area which allowed for a better view for the employees[.]" *Id.*

Further, Plaintiff's joining of John Doe #1 and Jane Doe #1 makes clear that he does not allege Nava or Estrada created the condition. These Doe defendants allegedly had "control over the grocery carts [they were] pushing in furtherance of her employment objectives[.]" The Doe defendants, then, created the dangerous condition and are the proper analogues in this case to the *Land* and *Guzman* employees. Plaintiff's allegations against Nava and Estrada are more like those leveled against the improperly joined store manager in *Palmer v. Wal-Mart Stores, Inc.*, 65 F. Supp. 2d 564, 567 (S.D. Tex. 1999). In that case, a claim that the manager was "negligent in allowing the defect to exist on the premises in [Wal-Mart's] store" did not state an independent duty "apart from that which his employer owed any store patron." *Id.* Instead, it "simply allege[d] that [the manager] is liable for some action plainly committing within the course and scope of his employment." *Id.*

Here, the petition does not allege that Nava or Estrada created the dangerous condition. Nor does it allege that Nava or Estrada interacted with or saw Plaintiff or were even on the premises the day in question. Plaintiff thus alleges no facts that would give even a "reasonable basis" that Texas law would impose individual liability on the managers. Any liability imposed on Nava or Estrada on the facts as pled would stem from their roles as managers. This is not enough. The Court finds no reasonable basis to predict state law would impose liability on Nava and Estrada individually because they owed no independent duty, and even if they did, the petition does not

8

plead enough facts to survive a Rule 12(b)(6)-style analysis.

This Court's prior decisions under similar facts support this result. *See, e.g., Gonzalez v. Wal-Mart Stores,* No. SA-10-CV-120-XR, 2010 WL 1417748, at *2 (W.D. Tex. Mar. 31, 2010) (finding improperly joinder where the manager allegedly failed to warn of a dangerous substance and failed to train employees in this regard because he did not "personally direct[] or participate[] in any of the alleged negligent acts"); *Allen v. Home Depot U.S.A., Inc.*, No. SA-04-703-XR, 2004 WL 2270001, at *1 (W.D. Tex. Oct. 6, 2004) (finding improper joinder where the manager allegedly failed to properly supervise and train the employee responsible for maintaining the metal rod that injured the plaintiff).

Thus, Nava and Estrada are improperly joined. Their citizenship does not factor into the Court's assessment of jurisdiction. Finally, defendants John Doe #1 and Jane Doe #1 are fictitious entities and the Court does not consider their citizenship for diversity purposes. Thus, the relevant parties are Wal-Mart and Plaintiff. Since complete diversity of citizenship exists between these parties, Wal-Mart's removal is proper and the Court has jurisdiction in this case.

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's motion to remand (docket no. 2). Plaintiff also seeks sanctions for Wal-Mart's "baseless removal." Docket no. 2 at 7. This request is denied.

SIGNED this 1st day of February, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE