**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JESUS MOLINA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | Civil Action No. SA-18-CA-1273-XR |
| | § | |
| WAL-MART STORES, TEXAS, LLC, | § | |
| CLAUDIA NAVA, STEVE ESTRADA, | § | |
| JOHN DOE #1 and JANE DOE #1, | § | |
| | § | |
| *Defendants.* | § | |

**ORDER**

On this date, the Court considered Plaintiff's Motion Seeking Leave to Amend Pleadings

and Join Parties (docket no. 19), Plaintiff's Motion to Strike the Affidavit Response (docket no.

22), and the corresponding responses and replies. After careful consideration, the Court GRANTS

Plaintiff's Motion to Amend and DENIES Plaintiff's Motion to Strike. Because the amended

complaint adds a non-diverse defendant, diversity of citizenship is destroyed and the Court lacks

subject-matter jurisdiction. This case is remanded to state court.

**BACKGROUND**

Plaintiff Jesus Molina filed his Original Petition in the 224th Judicial District Court of

Bexar County, Texas on October 18, 2018. Docket no. 1-3. Plaintiff's claims relate to injuries

allegedly sustained when a Wal-Mart employee struck Plaintiff with a train of grocery carts. *Id.*

Plaintiff asserts various negligence theories related to premises liability, general negligence, and

vicarious liability for the negligent acts of employees.

Plaintiff, a resident of Texas, named as Defendants Wal-Mart Stores, Texas, LLC ("Wal-

Mart"), Claudia Nava, Steve Estrada, John Doe #1, and Jane Doe #1. For diversity purposes, Wal-Mart is a citizen of Arkansas and Delaware. Docket no. 1 at 2. Nava and Estrada, both Texas residents, were Wal-Mart managers at the store in question when Plaintiff was injured. *Id.* at 3. John Doe #1 and Jane Doe #1 were the unnamed Wal-Mart employee or employees who allegedly pushed the carts that struck Plaintiff. Docket no. 1-3.

On December 6, 2018, Wal-Mart removed the case to this Court, alleging diversity of citizenship between the proper parties. Docket no. 1. Given that Plaintiff, Nava, and Estrada are citizens of Texas, Wal-Mart argued that Nava's and Estrada's citizenship should not be considered because they were improperly joined. *Id.* Plaintiff filed a Motion to Remand, which the Court denied on March 6. Docket no. 16. Nava and Estrada were dismissed as improperly joined. *Id.*

Now, Plaintiff identifies John Doe #1 as former Wal-Mart employee Brandon San Miguel. Plaintiff's proposed amended complaint adds San Miguel as a defendant and asserts a negligence claim against him based on his handling of the grocery carts that allegedly struck Plaintiff. Docket no. 19-1 at 5-6. San Miguel is a Texas citizen—as is Plaintiff—so once more the Court must consider whether a non-diverse defendant destroys jurisdiction in the case.

## DISCUSSION

The relevant inquiry here is whether the Court will allow post-removal joinder of a non-diverse party to this lawsuit, which would defeat the Court's jurisdiction. The Court finds that Brandon San Miguel should be joined as a party to this lawsuit, and that because of his joinder this Court lacks jurisdiction to hear this case. The Court makes these determinations by considering and allowing Plaintiff's amended complaint.

As a preliminary matter, Wal-Mart's removal was proper because, under 28 U.S.C. § 1332, a federal court has jurisdiction over controversies involving disputes between citizens of different states where the amount in controversy exceeds $75,000. The Court has jurisdiction since it is undisputed that the amount in controversy exceeds $75,000 and, as decided previously, Nava and Estrada were improperly joined and the citizenship of the then-Doe defendants was not considered for purposes of diversity of citizenship.

Still, a court's subject matter jurisdiction may be defeated by the addition of a non-diverse defendant. *See Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 477 (5th Cir. 2001). Joinder of a non-diverse defendant has a drastic consequence on jurisdiction, so a court has discretion to permit or deny joinder. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). The Fifth Circuit has instructed district courts to exercise discretion when considering a proposed amendment adding a non-diverse defendant. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). The district court should scrutinize the proposed amendment more closely than when considering an ordinary amendment under Federal Rule of Civil Procedure 15(a)(2), which requires a court to "freely give leave to amend when justice so requires." *Id.*; FED. R. CIV. P. 15(a)(2). When an amendment will defeat jurisdiction, the court must balance the defendant's right in "maintaining the federal forum with the competing interest of not having parallel lawsuits." *Hensgens*, 833 F.2d at 1182. Among the factors a court should consider are: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other factor bearing on the equities. *Id.* If the court permits amendment, then

it must remand to state court. *Id.*; *see also Priester v. JP Morgan Chase Bank, N.A.,* 708 F.3d 667, 679 (5th Cir. 2013) (noting that *Hensgens* is the "correct legal standard" to apply in determining whether joinder of non-diverse parties should be permitted after removal).

## 1. The Extent to Which the Purpose of the Amendment is to Defeat Federal Jurisdiction

The first *Hensgens* factor a court must consider before allowing an amendment that adds a non-diverse defendant is the extent to which the purpose of the amendment is to defeat federal jurisdiction. *Hensgens*, 833 F.2d at 1182. Relevant to this factor is whether the proposed amendment asserts a valid cause of action against the non-diverse defendant. *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991) (approving addition of a non-diverse defendant after the trial court found that the principal purpose of the amendment was not to defeat jurisdiction since the amendment stated a valid claim against the non-diverse defendant); *Boyce v. CitiMortgage, Inc.*, 992 F. Supp. 2d 709, 720 (W.D. Tex. 2014).

Here, Plaintiff asserts a valid claim for negligence against San Miguel. Plaintiff's amended complaint would allege that San Miguel "had such control over the grocery carts he was pushing in furtherance of his employment objectives, had a duty to push the grocery cart train in a safe manner to avoid collisions with not only invitees but his fellow employees on his work site. . . ." Docket no. 19-1 at 5-6. Nava and Estrada were improperly joined because Plaintiff did not allege these managers created the dangerous condition or were directly involved in the conduct that caused Plaintiff's injuries. *Molina v. Wal-Mart Stores, Texas, LLC*, No. SA-18-CA-1273-XR, 2019 WL 410392, at *4 (W.D. Tex. Feb. 1, 2019).

Now, the inquiry changes: San Miguel is alleged to have pushed the carts in an unsafe manner and to have struck Plaintiff with the carts. These allegations of direct involvement amount

4

to a colorable negligence claim and indicate Plaintiff's primary purpose is not to defeat diversity. *See Garrison v. The Sherwin-Williams Co*., 2010 WL 2573973, at *5 (E.D. Tex. June 1, 2010), report and recommendation adopted, 2010 WL 2573963 (E.D. Tex. June 22, 2010) ("If the corporate employee is only indirectly involved in the alleged negligence, then the Court will not impose an individual duty on the employee, however if the involvement is directly related to the alleged negligence, a question of fact exists as to whether the corporate employee owes an individual duty to a plaintiff.").

In deciding this factor, courts have also considered whether the plaintiff knew or should have known the identity of the non-diverse defendant when the state court petition was filed. *See Rouf v. Cricket Communications, Inc.*, 2013 WL 6079255, at *2 (S.D. Tex. Nov. 19, 2013) (denying amendment after finding that plaintiffs knew about the proposed non-diverse defendants when suit was filed). If the addition of a non-diverse defendant was contemplated prior to removal, this suggests the purpose of the amendment is not to destroy diversity. *See Penny Realty Inc. v. Sw. Capital Servs., Inc*., 2008 WL 2169437, at *2 (W.D. La. May 23, 2008).

Here, Plaintiff knew of San Miguel's existence and role in this case from the start, but he did not know San Miguel's identify. Plaintiff thus included, in his Original Petition, a John Doe defendant in San Miguel's place. San Miguel's addition, then, was clearly contemplated prior to removal.

Courts have considered favorably the naming of a Doe defendant—and subsequent substitution of the actual defendant once the Doe's identity is known—when deciding this element. *See Mitchell v. Wal-Mart Stores, Inc*., 2016 WL 447721, at *4 (W.D. La. Feb. 4, 2016) ("In this case, the plaintiffs clearly contemplated naming Arceneaux as a defendant in this action as soon as his identity was discovered. Indeed, the plaintiffs are not seeking to add Arceneaux as a new

defendant, but instead, are seeking to substitute Arceneaux, for the fictitious, unknown John Doe defendant, who was included in the original petition for damages."); *Jackson v. Wal-Mart Stores, Inc.*, 2003 WL 22533619, at *2 (E.D. La. Nov. 6, 2003) ("[P]laintiff's recent efforts to substitute the name of the actual non-diverse defendant do[] not suggest defeating subject matter jurisdiction as the true purpose, where, as here, plaintiff attempted to name the non-diverse defendant employee in the original pleading as 'Jane Doe.'").

On the other hand, courts have viewed disfavorably a plaintiff's choice *not* to name a Doe defendant as a stand-in for a defendant about whom the plaintiff knew or should have. *See Razo v. Home Depot U.S.A., Inc.*, 2014 WL 3869382, at *3 (N.D. Tex. Aug. 6, 2014) ("[P]laintiff was aware of the existence and involvement of a Home Depot employee at the time he filed his state court petition, and yet chose not to add him as a party with potential liability, even as an unknown defendant, or to assert any claims involving the employee, such as a claim for negligent hiring or training, until after Home Depot removed the action to federal court.").

Plaintiff's colorable negligence claim against San Miguel, coupled with Plaintiff's designation of a John Doe defendant from the outset, inclines the Court to conclude that Plaintiff does not seek to add San Miguel as a non-diverse defendant primarily to defeat diversity jurisdiction.

### 2. Whether the Plaintiffs Have Been Dilatory in Asking for the Amendment

The second *Hensgens* factor asks whether Plaintiffs have been dilatory in asking for their amendment. For this factor, courts consider the "procedural posture of the case, particularly whether trial or pre-trial dates were scheduled, or any significant activity beyond the pleading stage has occurred." *Murphy v. Sterline Jewelers Inc.*, 2018 WL 7297905, at *7 (W.D. Tex. Feb. 13,

2018) (quoting *Anzures v. Prologis Texas I LLC*, 886 F. Supp. 2d 555, 565 (W.D. Tex. 2012)). Also relevant is the "amount of time that has passed between the plaintiff's motion to amend and the filing of the original petition and notice of removal." *Id.* "A delay of two months after the filing of the original complaint or almost thirty days after the notice of removal has been found dilatory," particularly when, at the time of filing, a plaintiff knew of the potential defendant's role in the case. *Id.* (citing *Irigoyen v. State Farm Lloyds*, 2004 WL 398553, at *4 (S.D. Tex. Jan. 5, 2004)).

Here, the facts relevant to this factor cut both ways. On one hand, a scheduling order has been entered and a trial date set, although little significant activity has occurred beyond this contested Motion to Amend and the prior contested Motion to Remand. The deadline for Plaintiff to seek leave to amend his pleadings was June 3, and he filed this motion on that day. Further, although the case was removed on December 6, 2018, nearly seven months ago, Wal-Mart disclosed San Miguel's identity on March 14, 2019, approximately two and a half months ago. Wal-Mart argues Plaintiff should have sought San Miguel's identity with a pre-suit petition under Texas Rule of Civil Procedure 202. Docket no. 21 at 5.

All told, given the conflicting facts, the Court concludes that this factor weighs slightly in favor of allowing amendment. While Plaintiff could have pursued other avenues and could have demonstrated more haste, the Court is not inclined, on this record, to consider Plaintiff dilatory.

### 3. Whether the Plaintiff Will Be Significantly Injured if Amendment Is Not Allowed

The third *Hensgens* factor asks whether a plaintiff will be significantly injured if amendment is not allowed. For this factor, courts consider "whether a plaintiff can be afforded complete relief in the absence of the amendment." *Loewe v. Singh*, 2010 WL 3359525, at *2 (S.D. Tex. Aug. 23, 2010). Courts also look to "whether the plaintiff will be forced to litigate their action against the non-diverse defendants in a different court system, on a different timetable, subject to

different procedural rules and conflicting results, and under the weight of additional financial burden." *Adey/Vandling, Ltd. v. Am. First Ins. Co.*, 2012 WL 534838, at *4 (W.D.Tex. Feb.17, 2012).

Plaintiff states in his reply that if joinder is not permitted he will be forced to bring a parallel state suit. This factor, however, is largely neutral, as Plaintiff has not demonstrated that he will be denied complete relief without San Miguel's presence in this case. *See Anzures*, 866 F. Supp. 2d at 565.

### 4. Any Other Factor Bearing on the Equities

Finally, the Court considers any other factors bearing on the equities. The only factor noted by the parties is Wal-Mart's interest in maintaining a federal forum. Docket no. 21 at 8. Courts have often considered under this factor the defendant's interest in a properly invoked federal forum, although this fact is "likely to be present in every case that seeks to add a non-diverse defendant." *City of Kerrville, Texas v. C&C Groundwater Serv. LLC*, 2012 WL 12864944, at *3 (W.D. Tex. July 20, 2012). The Court also notes that all of Plaintiff's claims are Texas claims, making it unlikely that either party would be prejudiced if a Texas court were to decide these claims.

On balance, the Court, in its discretion, decides amendment is proper. The first Hensgens factor has been described as the "most important" factor of the four. *Flores v. Arch Ins. Co.*, 2015 WL 4430866, at *2 (W.D. Tex. July 17, 2015) (citing *Adey/Vandling*, 2012 WL 534838, at *4). Since the first factor—the most important—weighs in favor of amendment, as does the second, and in the Court's view the remaining factors do not offset these factors, Plaintiff's Motion to Amend is granted.

## CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's Motion to Amend (docket no. 19), which adds Brandon San Miguel as a defendant. San Miguel and Plaintiff are Texas citizens, which deprives the Court of diversity jurisdiction. Accordingly, this case is REMANDED to state court.

Plaintiff also seeks to strike Defendant's affidavit included in response to Plaintiff's Motion to Amend. Docket no. 22. Plaintiff cites no legal authority in support of this motion and its resolution does not alter the Court's ruling on the Motion to Amend. Plaintiff's Motion to Strike is denied.

The Clerk is DIRECTED to close this case and remand this case to the 224th Judicial District Court of Bexar County, Texas.

It is so ORDERED.

SIGNED this 2nd day of July, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE